UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THEODORE C. LANGE, | Civil No. 05-441-HA |
| Plaintiff, | ORDER |
| v. | |
| GAIL NORTON, et al., | |
| Defendants. | |

HAGGERTY, Chief Judge:

Plaintiff filed a *pro se* action on March 29, 2005, alleging wrongful discharge by defendants. On August 1, 2005, defendant Gail Norton filed a Motion to Dismiss [11], asserting lack of subject matter jurisdiction. Plaintiff failed to file a response to the Motion, and on September 15, 2005, plaintiff was ordered to show cause why the matter should not be dismissed

1 -- ORDER

for lack of prosecution. Plaintiff filed a response to the Motion to Dismiss on October 19, 2005. The Motion to Dismiss has been taken under advisement without oral argument. For the following reasons, this Motion is granted.

## **STANDARDS**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), an action may be dismissed if the court lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and a federal court is presumed to lack jurisdiction to hear a claim. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress must specifically grant a federal court the power to adjudicate a particular claim. *National Treasury Employee's Union v. Federal Labor Relations Auth.*, 112 F.3d 402, 404 (9th Cir. 1997). The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; *see also Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987).

In reviewing a 12(b)(1) motion to dismiss attacking the existence of subject matter jurisdiction as a matter of law, the allegations in a plaintiff's complaint are taken as true. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). This is distinguished from a 12(b)(1) motion asserting that the allegations on which jurisdiction depends are not true as a matter of fact, in which there is no presumption of truth to plaintiff's allegations and a judge may resolve factual disputes. *Thornhill Pub. Co. v. GTE*, 594 F.2d 730, 733 (9th Cir. 1979) (citations omitted).

When "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment . . . ." *Rosales v.*

*United States*, 824 F.2d 799, 803 (9th Cir. 1987). Under this standard, the motion should be granted only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.*

In 1978, Congress passed the Civil Service Reform Act, creating the Merit Systems Protection Board (MSPB), a quasi-judicial agency with jurisdiction to adjudicate federal employee appeals of agency personnel actions. 5 U.S.C. § 1201 *et. seq.*; 5 U.S.C. § 7701; *see also Sloan v. West*, 140 F.3d 1255, 1258-60 (9th Cir. 1998). The MSPB is authorized to review adverse employment actions that fall into one of five categories: removal, suspension for more than fourteen days, a reduction in grade, a reduction in pay, or a furlough of thirty days or less. 5 U.S.C. § 7512(1) - (5); *see also Sloan*, 140 F.3d at 1259.

The MSPB is also granted pendent jurisdiction to hear claims of discrimination brought in connection with an adverse employment action for which it has jurisdiction. 29 C.F.R. § 1614.302 (2000); *see also Sloan*, 140 F.3d at 1259. A federal employee has the option of bringing such a claim of discrimination before the MSPB, or exhausting all administrative remedies and filing the claim with the United States District Court pursuant to Title VII of the Civil Rights Act of 1964. *Sloan*, 140 F.3d at 1259.

Appeals of a final decision by the MSPB for claims not including discrimination claims must be brought before the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703. Appeals of a final decision of the MSPB addressing the merits of discrimination claims must be brought before the United States District Court. *Ballentine v. Merit Sys. Prot. Bd.*, 738 F.2d 1244, 1246 (Fed. Cir. 1984); *see also Sloan*, 140 F.3d at 1261 (citing *Ballentine*, 738 F.2d at 1246).

Defendants move to dismiss under 12(b)(1) for lack of subject matter jurisdiction on the grounds that jurisdiction lies initially with the MSPB and on appeal to the United States Court of Appeals for the Federal Circuit under 5 U.S.C. §§ 7701, 7703; plaintiff withdrew and failed to exhaust all administrative remedies on his age discrimination claim; the remaining claims were settled; and the dispute of that settlement was adjudicated fully.

## ANALYSIS

Plaintiff was removed from his employment at the Bureau of Land Management. He appealed that removal to the MSPB. Prior to the hearing on his claim, plaintiff entered into a verbal agreement to settle the claim. The MSPB Administrative Judge entered the agreement in to the record and dismissed the appeal. Plaintiff then attempted to rescind the agreement, appealing to the full Board of the MSPB.

The full Board found that plaintiff had articulated an age discrimination claim for which the settlement did not offer the protections required under the Age Discrimination in Employment Act. Accordingly, the Board found the settlement was ineffective as it related to the age discrimination claim, but affirmed the settlement terms for the remaining claims. For the age discrimination claim, the Board modified the dismissal to a remand in order to allow plaintiff to raise that claim as an affirmative defense to his removal.

On remand, plaintiff withdrew his age discrimination claim. Plaintiff issued a written statement proclaiming

> I, Theodore C. Lange, have decided on my own initiative to withdraw the issue of Age Discrimination which had been scheduled for hearing. . . . I understand that I am not to appeal any future issues of Age Discrimination regarding my removal from federal service.

4 -- ORDER

Paginated Administrative Record (PAR) at 123. The MSPB did not reach the merits of the age discrimination claim, but issued a final decision pursuant to plaintiff's withdrawal of that claim. The MSPB also instructed plaintiff on the procedure to file an appeal with the United States Court of Appeals for the Federal Circuit.

Plaintiff filed an appeal with the United States Court of Appeals for the Federal Circuit. The appeal was dismissed as untimely, and the court refused to reconsider, or rehear *en banc*, the timeliness question. *Lange v. Dept. of Interior*, 108 Fed. Appx. 631 (Fed. Cir. 2004). The Supreme Court denied plaintiff's request for *certiorari* to hear the timeliness issue. *Lange v. Dept. of Interior*, 543 U.S. 1153 (2005).

Plaintiff fully adjudicated his claims, other than his age discrimination claim, first to the MSPB, and then to the United States Court of Appeals for the Federal Circuit. This court does not have subject matter jurisdiction over those claims. 5 U.S.C. §§ 7701, 7703(b)(1). Accordingly, those claims are dismissed for lack of jurisdiction.

Plaintiff elected not to exhaust his administrative remedies and pursue his age discrimination claim under Title VII, but to bring that claim before the MSPB in connection with his removal from employment. Accordingly, this court would have jurisdiction to hear that claim only after the MSPB had reached a decision on the merits. *See Sloan,* 140 F.3d at 1261; *Ballentine*, 738 F.2d at 1246. Here, plaintiff abandoned his age discrimination claim prior to his hearing, and the final decision by the MSPB was not a decision on the merits. Therefore, this court lacks subject matter jurisdiction to hear plaintiff's age discrimination claim.

/ / /

/ / /

5 -- ORDER

**CONCLUSION**

Defendants' Motion to Dismiss [11] is GRANTED.  This case is dismissed with prejudice.

IT IS SO ORDERED.

Dated this __2___ day of March, 2006.


    /s/Ancer L.Haggerty
ANCER L. HAGGERTY
United States District Judge